IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **COREY L. SANDERS,** | Case Number 1:15 CV 1409 |
| Petitioner, | Chief Judge Solomon Oliver, Jr. |
| v. | Magistrate Judge James R. Knepp, II |
| **STATE OF OHIO,**[1] | |
| Respondent. | REPORT AND RECOMENDATION |

### INTRODUCTION

*Pro se* Petitioner Corey Sanders ("Petitioner"), a prisoner currently in federal custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254[2] ("Petition") (Doc. 1) and a letter supplementing the Petition (Doc. 7). Respondent State of Ohio ("Respondent") filed a Motion to Dismiss (Doc. 14), and Petitioner filed a Response which also included a Motion for Evidentiary Hearing (Doc. 16). In the intervening period, Petitioner also filed two Motions to Amend the Record (Docs. 15 & 18) and a Motion to Stay State Court Proceedings (Doc. 19). Respondent opposed the first Motion to Amend the Record. (Doc. 17). On April 18, 2016, Petitioner filed a Motion Challenging the Jurisdiction of the Court. (Doc. 20).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated August 4, 2015). For the reasons discussed below, the undersigned

---

1. The instant petition addresses his conviction by the state of Ohio and thus, the proper respondent is the Ohio Attorney General pursuant to Rule 2 of the Rules Governing § 2254 Cases.
2. Petitioner is not currently serving a sentence in Ohio but will be transferred to the custody of the Ohio Bureau of Prisons following the conclusion of a sentence with the Federal Bureau of Prisons.

denies the Motions to Amend the Record, the Motion for Evidentiary Hearing, the Motion to Stay, and the Motion Challenging Jurisdiction, and recommends the Petition be dismissed.

## PROCEDURAL BACKGROUND

*State Trial Court*

Petitioner was indicted by the September 2008 term of the Cuyahoga County Court of Common Pleas Grand Jury on one count of aggravated robbery and one count of felonious assault. (Doc. 14, Ex. 1). Upon arraignment, Petitioner pleaded not guilty. (Doc. 14, Ex. 2).

Following successful plea negotiations with the state, Petitioner withdrew his not guilty plea and pleaded guilty to reduced charges of robbery and felonious assault. In an entry filed December 12, 2008, the court imposed a two-year sentence on both counts to run concurrent with each other for an aggregate sentence of two years in prison. (Doc. 14, Ex. 3).

Petitioner failed to perfect a timely appeal on direct review. Nor has he ever attempted a delayed direct appeal pursuant to Ohio App. Rule 5(A).

*Post-Conviction Petition*

Over six years later, on March 9, 2015, Petitioner, *pro se*, filed a petition to vacate or set aside judgment of conviction or sentence claiming unspecified ineffective assistance of counsel and the denial of "due process" due to "newly discovered evidence" that he suffered from a "psychiatric history dating back to early childhood" and that his trial judge had been arrested for mail fraud. (Doc. 14, Ex. 4). The state filed an opposition. (Doc. 14, Ex. 5). On April 23, 2015, the trial court denied Petitioner's petition as untimely and/or barred by *res judicata*. (Doc. 14, Ex. 6).

Petitioner did not seek further appellate review of this denial.

2

**FEDERAL HABEAS CORPUS**

Petitioner, *pro se*, executed this Petition on July 12, 2015, and it was filed on July 16, 2015. (Doc. 1). He recognizes the Petition is untimely, but claims that his mental condition "prevented [him] from filing in a timely manner." (Doc. 1).

In his Petition, Petitioner does not raise any specific constitutional errors rather, he "seek[s] assistance of counsel to help me with my claims" alleging he "has a mental condition which lacks ability to understand court process[es]." (Doc. 1). Petitioner previously filed a motion requesting the assistance of counsel to pursue habeas relief based on his mental condition; this motion was denied. (Docs. 2 & 6).

About a month later, Petitioner filed a letter with the Court which purported to supplement his Petition. (Doc. 7). This letter expounded on his discovery of his childhood psychiatric issues and their alleged effects on him now. (Doc. 7). Also included were general claims of ineffective assistance of counsel for failing to pursue inquiry into his mental illness and fraud on the part of the presiding judge in his case. (Doc. 7).

**MOTIONS TO AMEND THE RECORD**

Petitioner filed his first Motion to Amend the Record in an effort to include a determination from the Army Discharge Review Board and information related to the diagnosis of Traumatic Brain Injury ("TBI"). (Doc. 15). Petitioner asserts the determination from the Army Discharge Review Board proves the existence of post-traumatic stress disorder and TBI. (Doc. 15). Respondent opposed this motion because the proffered documents would not prove Petitioner's entitlement to habeas relief on the merits of his case and, further, did not establish any mental illness. (Doc. 17). A review of the Army Discharge Review Board determination confirms Respondent's assertions; the Army found no evidence of service-related aggravation of his mental illness. (Doc. 15-1). Thus, since the proposed documents do not aid the Court in

3

evaluating the Petition, either on the merits or for the purpose of proving equitable tolling, the Motion to Amend the Record is denied.

After Respondent had filed a Motion to Dismiss for failure to state a claim, Petitioner filed a second Motion to Amend the Record (which would more accurately be termed a Motion to Amend his Petition); laying out four grounds for relief: actual innocence, newly discovered evidence, ineffective assistance of counsel, and fraud. (Doc. 18). These four assertions track the allegations Petitioner had previously made in a letter to the Court. (Doc. 7). Although *pro se* litigants are given leniency in their filings, here it would act to the prejudice of the Respondent to allow Petitioner to amend his Petition after the Respondent had already answered the Petition. Thus, the Court denies the Petitioner's second Motion to Amend the Record.

### MOTION TO DISMISS

Respondent filed a Motion to Dismiss for failure to state a claim because the Petition did not contain any challenges to the constitutionality of his incarceration. (Doc. 14). Further, Respondent argues the Petition contained no plausible claims for relief even under the lax pleading standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Respondent is correct in asserting that Petitioner has failed in presenting cognizable claims for relief. His Petition only requested assistance of counsel which is not a challenge to the legality of his confinement. The undersigned recommends granting Respondent's Motion to Dismiss for failure to state a claim.

Even if the Court were to accept the letter supplementing the Petition, grant the second Motion to Amend the Record, and find that the potential claims for relief met the liberal pleading requirements for *pro se* litigants; *see Boag v. MacDougall*, 454 U.S. 364 (1982); his Petition would still not survive a Motion to Dismiss because it is untimely.

**JURISDICTIONAL BAR**

*Statute of Limitations*

In the event that the amended Petition contained potential claims for relief, the statute of limitations operates to bar review of the Petition. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for habeas petitions brought by individuals challenging their state court convictions. 28 U.S.C. § 2244(d). Under 28 U.S.C. § 2244(d)(1), the limitations period begins to run from the latest of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Here, Petitioner's conviction became final on January 13, 2009 – the expiration of the 30-day period to file an appeal to the Eighth District Court of Appeals. Thus, the statute of limitations began running the next day and Petitioner had until January 14, 2010, to file a habeas action challenging his conviction.

A properly filed post-conviction petition can serve to toll the statute of limitations in habeas cases. 28 U.S.C. § 2244(d)(2); *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000). A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules

governing filings, such as those prescribing the time limits for filing." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State courts are the final arbiters of whether a state collateral action is considered timely, and thus, properly filed. *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005). A state post-conviction petition rejected by the state court on timeliness grounds is not properly filed and, therefore, it cannot serve as the basis for statutory tolling. *Allen v. Siebert*, 552 U.S. 3, 5 (2007).

In this case, Petitioner's one-year period began on January 14, 2009, and expired on January 14, 2010. During this period, Petitioner did not have any filings pending in the Ohio courts and thus, is not entitled to statutory tolling of the limitations period. Further, Petitioner did not file a post-conviction petition until March 9, 2015 (this was ultimately denied as untimely), and thus, could not serve as a basis for statutory tolling because it was not properly filed. *See Vroman v. Brigano,* 346 F. 3d 598 (6th Cir. 2003) (petitioner's later proceedings in state court do not operate to toll the statute of limitations since they were all filed after the one-year habeas period had expired).

The only other applicable provision of § 2244(d)(1) is section (D), which allows for the statute of limitations period to begin running upon discovery of the "factual predicate" of the claim. A petitioner has the burden of persuading the court that he has exercised due diligence in the search for the factual predicate of his claim. *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001). However, "merely alleg[ing] that the applicant did not actually know the facts underlying his…claim does not pass this test". *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (unpublished) (citing *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)). Rather, a petitioner must pursue at least a reasonable investigation into his potential claims. *Poole v. Woods*, 2011 WL 4502372, n.11 (E.D. Mich.); s*ee also McClesky v. Zant*, 499 U.S. 467, 497 (1991).

Presuming the Court accepted the letter as a supplement to the Petition (or granted the Motion to Amend the Petition) to include Petitioner's claim that his mental illness was newly

6

discovered evidence; to determine whether the Petition is timely, the Court is required to calculate when Petitioner's mental illness could have been discovered through reasonable diligence. *See McSwain v. Davis*, 287 F.App'x 450, 454-55 (6th Cir. 2008).

Relevant to the question of when Petitioner became aware of his condition are both his psychiatric records from childhood and the state court docket. (*See* Doc. 1). Included in support of the Petition are reports from multiple psychologists in 1995 and 1996, and record of at least one psychiatric hospitalization. (Doc. 1, at 27-45). Thus, over a decade before his crime, Petitioner's mental health was being evaluated; in his defense, Petitioner asserts that while he knew he was receiving treatment, including medication, he was not aware for what he was being treated. (Doc. 7). Even accepting this as true, the state court docket from 2008 includes an initial referral for a competency determination. (Doc. 1, at 19-20). Therefore, it is apparent his mental health was at issue in 2008, which belies any claim that he was unaware of or unable to discover claims related to his mental illness in the six intervening years between his conviction and habeas filing. Considering the above, Petitioner has not met his burden of establishing that his mental illness was new evidence unable to be discovered through the exercise of due diligence. *Id.*

Absent equitable tolling, the Petition is untimely.

*Equitable Tolling*

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000)). Petitioner bears the burden of proving an entitlement to equitable tolling. *See*

7

*Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002). Equitable tolling should only be granted "sparingly". *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

To be eligible for equitable tolling, a petitioner must prove "1) that he has been pursuing his rights diligently; and 2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005). In the extreme circumstance, a petitioner can prove his entitlement to equitable tolling through a showing of actual innocence under the "miscarriage of justice" standard. *Schlup v. Delo*, 513 U.S. 298 (1995). In these cases, a credible showing of actual innocence operates to excuse procedural bars that would prevent review of a habeas petition. *See Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

A petitioner's mental incapacity can warrant equitable tolling of the statute of limitations but mental incompetence is not a *per se* reason to toll a statute of limitations. *McSwain*, 287 F.App'x at 456; *Ata v. Scutt,* 662 F.3d 736, 742 (6th Cir. 2011). The petitioner must make a threshold showing of incompetence and demonstrate that the incompetence affected his ability to file a timely petition. *Ata*, 662 F.3d at 743-44; *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002).

Here, Petitioner has failed to meet the required burden. The evidence provided in support of the Petition makes clear that Petitioner is in the average range of intelligence and there is no documentation that his mental illness equates to incompetence. Further, there is no evidence that his mental illness was the cause of his delayed filing; especially since it is appears from the multiple filings in this case that he is capable of meeting deadlines and conveying thoughts in a coherent and logical manner. Further, although Petitioner has made a claim of actual innocence he admitted to the felonious assault on his mother in the supplemental letter to the Court. (Doc. 7). As such, Petitioner has failed to satisfy his burden in proving his entitlement to equitable

tolling and therefore, the undersigned recommends, alternatively, the Petition be dismissed as time-barred.

## MOTION FOR EVIDENTIARY HEARING

In his response to the Motion to Dismiss, Petitioner requested an evidentiary hearing to address the substance of his claims and his mental illness. (Doc. 16). Before this Court could ever reach the merits of Petitioner's claims he must prove his entitlement to equitable tolling. An evidentiary hearing may be held to determine whether equitable tolling applies. *Keenan v. Bagley*, 400 F.3d 417, 422 (6th Cir. 2005). In deciding whether to provide a hearing "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schiriro v. Landrigan*, 550 U.S. 465 (2007). Applied to the circumstances in this case, Petitioner would have to allege facts, which, if true, would show that his mental illness prevented him from timely filing. *See McSwain*, 287 F.App'x at 457-58; *see also Ata*, 662 F.3d 736 (finding that if the applicant provides specific allegations in conjunction with supporting evidence in the record an evidentiary hearing on incompetence should be held). Here, Petitioner has made no specific allegations of incompetence and presented no evidence that his mental illness prevented him from timely filing his habeas petition. Thus, the Court denies his Motion for an Evidentiary Hearing.

## MOTION FOR STAY OF STATE COURT PROCEEDINGS

On March 14, 2016, Petitioner filed a Motion to Stay State Court Proceedings pending the resolution of this habeas petition. (Doc. 19). Pursuant to the above findings, the Motion to Stay is denied as moot.

**MOTION TO CHALLENGE JURISDICTION OF COURT**

On April 18, 2016, the Petitioner filed a Motion to Challenge the Article Three Jurisdiction of the Court. (Doc. 20). He alleged that he was never properly discharged from the military and thus, the Ohio courts had no jurisdiction to impose a criminal sentence on him. In support of his motion he attached his DD-214, an amended DD-214, and numerous correspondences with administrative divisions of the Department of the Army.

Petitioner's claims are without merit. His amended DD-214 does not change the terms of discharge and clearly states his separation date was February 25, 2003; approximately five years before his indictment and conviction by the courts of Ohio. Further, none of the other information provided indicates that Petitioner was still in active or reserve status with the military or had not been properly discharged. Petitioner's Motion to Challenge Jurisdiction is denied.

**CONCLUSION AND RECOMMENDATION**

Following review, and for the reasons stated above, the Court denies the Motions to Amend the Record, the Motion for Evidentiary Hearing, the Motion to Stay, and the Motion to Challenge Jurisdiction, and recommends the Petition be dismissed.

                                          s/James R. Knepp II
                                          United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).