UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COREY L. SANDERS, *Pro Se*, ) | Case No.: 1:15 CV 1409 | |
| ) | | |
| Petitioner ) | | |
| ) | | |
| v. ) | JUDGE SOLOMON OLIVER, JR. | |
| ) | | |
| STATE OF OHIO,[1] ) | | |
| ) | | |
| Respondent ) | ORDER | |

On July 16, 2015, *pro se* Petitioner Corey L. Sanders ("Petitioner" or "Sanders") filed a Petition for Writ of Habeas Corpus ("Petition") (Pet., ECF No. 1), pursuant to 28 U.S.C. § 2254 in the above-captioned case. Petitioner was convicted of one count of aggravated robbery and one count of felonious assault, and sentenced to two years' imprisonment on each count, set to run concurrently. In his Petition, Sanders failed to set forth any grounds claiming that he is being held in violation of the Constitution, laws, or treaties of the United States. Rather, in his Petition, Sanders states that he "seek[s] assistance of counsel to help me with my claims" because his "mental health condition" prevents him from understanding court process. (*See* Pet. at 6-12.) Following his Petition, Sanders filed a letter with the court detailing his childhood mental health issues, and raising

---

[1] As correctly noted in the Report & Recommendation, under Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts, the proper respondent in the instant Petition is the Ohio Attorney General, Michael DeWine.

the issue of ineffective assistance of counsel in respect to his trial attorney's failure to investigate his mental health issues and fraud on the part of the state court trial judge. (Pet'r's Letter, ECF No. 7.) Pursuant to Local Rule 72.2, this court referred the case to Magistrate Judge James R. Knepp, II ("Magistrate Judge" or "Judge Knepp"), on August 4, 2015, for preparation of a Report and Recommendation ("R & R"). On December 1, 2015, Respondent Michael DeWine ("Respondent") filed a Motion to Dismiss, arguing that Sanders failed to state a claim upon which relief can be granted because he "failed to assert any challenge to the legality of his incarceration as a violation of the Constitution or laws or treaties of the United States" in his untimely Petition. (Mot. to Dismiss at 5, ECF No. 14.) Following Respondent's Motion to Dismiss, Sanders filed a Motion of Formal Letter in Response to Respondent's Petition wherein he requested an evidentiary hearing ("Motion for Evidentiary Hearing") (Mot. for Evid. Hr'g, ECF No. 16), as well as several other motions, including two Motions to Amend the Record (ECF Nos. 15, 18), a Motion Pursuant to 28 U.S.C. § 2251 Stay of State Court Proceeding ("Motion to Stay") (ECF No. 19), and finally, a Motion to Challenge [the] Court[']s Jurisdiction Under Article III ("Motion Challenging Jurisdiction") (ECF No. 20). Respondent filed an Opposition to Petitioner's first Motion to Amend the Record (ECF No. 15) and Motion for Evidentiary Hearing (ECF No. 16). (Resp't Opp'n, ECF No. 17.)

On June 14, 2016, Judge Knepp submitted an R & R, recommending that this court deny Petitioner's Motions to Amend the Record (ECF Nos. 15, 18), Motion for Evidentiary Hearing (ECF No. 16), Motion to Stay, and Motion Challenging Jurisdiction, and dismiss Sanders's Petition. (R& R at 2, ECF No. 21.) With respect to Petitioner's first Motion to Amend (ECF No. 15), Judge Knepp determined that the proffered Army Discharge Review Board documents failed to aid in

- 2 -

evaluating Sanders's Petition either on the merits or for the purpose of equitable tolling. Thus, Judge Knepp concluded that granting leave to amend the record was improper. (R & R at 4.) In his second Motion to Amend (ECF No. 18), filed subsequent to Respondent's Motion to Dismiss, Sanders generally alleged, with few supporting facts, "actual innocence," "newly discovered evidence," "ineffective assistance of counsel," and "[countywide] fraud." (ECF No. 18.) The Magistrate Judge concluded that allowing Sanders to amend his Petition after Respondent already answered would prejudice the Respondent." (R & R at 4.)

With respect to Respondent's Motion to Dismiss, Judge Knepp determined that Sanders's Petition included no plausible claims for relief because Petitioner failed to include any challenges to the legality of his custody on the ground that it is in violation of the Constitution, laws, or treaties of the United States. Judge Knepp further determined that even if Petitioner's Motions to Amend the Record (ECF Nos. 15, 18) were granted, and he were permitted to add claims of actual innocence, newly discovered evidence, ineffective assistance of counsel, and fraud to his Petition and amend the record to include the proffered Army Discharge Review Board documents, his Petition still fails because it is time-barred. (R & R at 5-7.) Although district courts may toll a statute of limitations under the doctrine of equitable tolling, Judge Knepp found that Sanders failed to demonstrate that his alleged mental illness amounted to incompetence or that it prevented Sanders from filing a timely Petition. (*Id.* at 8.) Furthermore, the Magistrate Judge concluded that, because Sanders failed to present specific allegations and supporting evidence regarding his mental illness, he was not entitled to an evidentiary hearing to address the substance of his mental illnesses. (*Id.* at 9.)

- 3 -

Judge Knepp explained that, with respect to Sanders's remaining motions, because Sanders's Petition should be dismissed, his Motion to Stay the state court proceeding pending the resolution of his Petition was moot. (*Id.* at 10.) And finally, with respect to his Motion Challenging Jurisdiction (ECF No. 20), Sanders argued that because he was never "legally discharged" from active duty service, the sentencing court lacked jurisdiction over him. Judge Knepp found that Petitioner's argument was "without merit," as the documents proffered by Sanders clearly show that his date of separation from the United States Army was February 25, 2003. (R & R at 10.)

On June 24, 2016, Petitioner filed an Objection to the Report and Recommendation ("First Set of Objections") (ECF No. 22). Thereafter, Petitioner filed yet another Objection to the Report and Recommendation ("Second Set of Objections") (ECF No. 23). In his First Set of Objections, Sanders makes several generalized arguments. Specifically, Sanders argues that Judge Knepp "overlooked key evidence which has cause[d] him to base [the] [R]ecomendation completely contrary to clearly established law." (First Set of Objs. at 1.) Sanders also reiterates his claim that he suffers from "severe PTSD, TBI[,] which affects and impairs his ability to adequately pursue his rights," and that the "countywide 'fraud'" prevented him from obtaining evidence. In his Second Set of Objections (ECF No. 23), Petitioner failed to specifically object to any portion of the Magistrate Judge's R & R, and instead, again, largely reiterated arguments set forth in his previous filings. (Compare Fist Set of Objs. and Second Set of Objs. *with* Mot. to Amend, ECF No. 15 and Mot. For Evid. Hr'g, ECF No. 16.) Judge Knepp thoroughly addressed Sanders's arguments in the R & R, and the court finds his reasoning well taken.

To the extent that Petitioner reargues, without citing any law or authority, that the Army Discharge Review Board documents proffered by Petitioner establishes that he had a "service

connected condition as a matter of law," (*See* Second Set of Objs., at 4-5), the court is unpersuaded. Moreover, even if the documents did establish that Petitioner suffered from a mental condition, the existence of a mental illness does not, in and of itself, entitle a petitioner to equitable tolling. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (noting that "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations."). The court also finds Petitioner's jurisdictional arguments unpersuasive. As Judge Knepp noted in the R & R, Petitioner's DD-214 form clearly reflects that his separation from the army occurred nearly five years before the indictments and convictions underlying the instant matter. (*See* R & R at 10; *see also* Mot. Challenging Jurisdiction, Ex. A, ECF No. 20.) Further, even if the court were persuaded that Petitioner was not properly separated from the army (it is not), this fact alone does not deprive Ohio State courts of jurisdiction to prosecute Sanders for criminal wrongdoing. *See United States v. Talbot*, 825 F.2d 991, 997 (6th Cir. 1987) (noting that "it is well established that, under proper circumstances, . . . military and civilian courts enjoy concurrent jurisdiction to prosecute armed forces personnel for criminal wrongdoing, inasmuch as the military justice system was designed to supplement rather than displace the civilian penal system"); *see also Schmitt v. United States*, 413 F.2d 219, 225 (5th Cir. 1969) ("The fact that an offender may be answerable to a court martial for his civilian offenses does not absolve him before civilian courts."). Accordingly, Petitioner's First Set of Objections (ECF No. 22) and Second Set of Objections (ECF No. 23) are overruled.

The court finds that, after careful *de novo* review of the R & R and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Knepp's R & R (ECF No. 21) in its entirety and hereby denies Sanders's Petition for Writ of Habeas Corpus (ECF No. 1). The court also

certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2015).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 19, 2016